[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT VOLVO'S MOTION FOR SUMMARY JUDGMENT(#122)
This action arises from a one vehicle accident that occurred in Connecticut in which the plaintiff was allegedly injured. The plaintiff alleges that Volvo is liable since Volvo leased the CT Page 4411 vehicle involved in the accident to the plaintiff.
Volvo moves for summary judgment on the ground that it cannot be held liable under New Jersey law. Volvo argues that this court must apply New Jersey law to the present action which, unlike Connecticut law, does not impose lessor liability on the lessor of an automobile absent a showing of agency.[1] The plaintiff argues that since this is a tort action, since the accident occurred in Connecticut, and since the plaintiff now resides in Connecticut, Connecticut law should govern this case under the doctrine of lex loci delicti.
In O'Connor v. O'Connor, 201 Conn. 632, 648, 519 A.2d 13
(1986), the court abandoned "categorical allegiance to the doctrine of lex loci delicti in tort actions." However, the court did not discard the doctrine of lex loci delicti entirely, but, rather, only where "reason and justice require the relaxation of its stringent insistence on determining conflicts of law solely by reference to the place where a tort occurred." Id.
In O'Connor, the court applied the "most significant relationship test" promulgated in the Restatement (Second), Conflict of Laws §§ 145. Section 145(1) of the Restatement Second provides that, "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." In relevant part, section 145(2) states, [c]ontacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, [and] (b) the place where the conduct causing the injury occurred, . . . ." The first two factors of section 145(2) are the most significant in determining which law to apply. Williams v. State Farm MutualAutomobile Ins. Co., 229 Conn. 359, 372, 641 A.2d 783 (1994).
In the present case the accident occurred in Connecticut and the plaintiff resides in Connecticut. Applying either the doctrine of lex loci delicti or the most significant relationship test, Connecticut law applies to the present action.
Accordingly, the defendant Volvo's motion for summary judgment is denied. CT Page 4412
Handy, J.